UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ZIMMERMAN & WEISER LLP
Jean-Marc Zimmerman
Anatoly S. Weiser
226 St. Paul Street
Westfield, New Jersey 07090
Tel:  (908) 654-8000
Fax: (908) 654-7207
jmz@iplcounsel.com
aw@ iplcounsel.com

Attorneys for plaintiff Content Extraction and Transmission LLC

| | |
|---|---|
| CONTENT EXTRACTION AND TRANSMISSION LLC | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR PATENT INFRINGEMENT |
| THE PNC FINANCIAL SERVICES GROUP, INC., and PNC BANK, NATIONAL ASSOCIATION, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Content Extraction and Transmission LLC ("CET") demands a jury trial and complains against defendant The PNC Financial Services Group, Inc., and defendant PNC Bank, National Association (hereinafter collectively "defendants"), as follows:

**THE PARTIES**

1. CET is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey.

2. Upon information and belief, defendant The PNC Financial Services Group, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Pittsburgh, Pennsylvania, and having branches in this judicial district in which it is conducting business.

3.   Defendant PNC Bank, National Association, is a nationally chartered banking association, with its principal place of business in Pittsburgh, Pennsylvania. Defendant PNC Bank, National Association, is a wholly-owned banking subsidiary of defendant The PNC Financial Services Group, Inc.

4.   Upon information and belief, defendants The PNC Financial Services Group, Inc., and PNC Bank, National Association, are successors in interest to other banks that processed deposits made at ATMs during the six-year period immediately preceding the filing of this Complaint.

## JURISDICTION AND VENUE

5.   This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

6.   On information and belief, defendants are doing business and committing acts of infringement in this judicial district and are subject to personal jurisdiction in this judicial district.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## CLAIM FOR PATENT INFRINGEMENT

8   CET repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 7 above.

9.   On November 2, 1993, U.S. Patent No. 5,258,855 (hereinafter referred to as "the '855 patent") was duly and legally issued for an invention entitled "Information Processing Methodology." A copy of the '855 patent is attached to this Complaint as Exhibit 1.

10.   On November 29, 1994, U.S. Patent No. 5,369,508 (hereinafter referred to as "the '508 patent") was duly and legally issued for an invention entitled "Information Processing Methodology." A copy of the '508 patent is attached to this Complaint as Exhibit 2.

11. On April 29, 1997, U.S. Patent No. 5,625,465 (hereinafter referred to as "the '465 patent") was duly and legally issued for an invention entitled "Information Processing Methodology." A copy of the '465 patent is attached to this Complaint as Exhibit 3.

12. On June 16, 1998, U.S. Patent No. 5,768,416 (hereinafter referred to as "the '416 patent") was duly and legally issued for an invention entitled "Information Processing Methodology." A copy of the '416 patent is attached to this Complaint as Exhibit 4.

13. On August 21, 2007, U.S. Patent No. 7,259,887 (hereinafter referred to as "the '887 patent") was duly and legally issued for an invention entitled "Information Processing Methodology."

14. On January 6, 2009, U.S. Patent No. 7,474,434 (hereinafter referred to as "the '434 patent") was duly and legally issued for an invention entitled "Information Processing Methodology."

15. CET is the owner by way of assignment of all right, title and interest in and to the '855, '508, '465, '416, '887 and '434 patents. The '855, '508, '465 and '416 patents will be collectively referred to as the "Patents-in-Suit" hereinafter.

**COUNT ONE**

16. CET repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 15 above.

17. Defendants infringed, actively induced the infringement of, and contributorily infringed in this judicial district the '855 patent by processing check and cash deposits made by customers at automatic teller machines ("ATMs") using their envelope-free deposit service such as the DepositEasy service, and by processing check deposits made from mobile electronic devices using their mobile deposit service such as the Mobile Deposit service.

18. Defendants' envelope-free deposit service extracts information from checks and cash deposited at ATMs and then transmits the extracted information to an application program to

process the deposits, in a manner defined by the claims of the '855 patent, without permission from CET.

19. Defendants' mobile deposit service extracts information from images of checks taken using a mobile electronic device and then transmits the extracted information to an application program to process the deposit, in a manner defined by the claims of the '855 patent, without permission from CET.

20. CET has been damaged by such activities of the defendants which infringe the '855 patent.

## COUNT TWO

21. CET repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 20 above.

22. Defendants infringed, actively induced the infringement of, and contributorily infringed in this judicial district the '508 patent by processing check and cash deposits made by customers at ATMs using their envelope-free deposit service, and by processing check deposits made from mobile electronic devices using their mobile deposit service.

23. Defendants' envelope-free deposit service extracts information from checks and cash deposited at its ATMs and then transmits the extracted information to an application program to process the deposits, in a manner defined by the claims of the '508 patent, without permission from CET.

24. Defendants' mobile deposit service extracts information from images of checks taken using a mobile electronic device and then transmits the extracted information to an application program to process the deposit, in a manner defined by the claims of the '508 patent, without permission from CET.

25. CET has been damaged by such activities of the defendants which infringe the '508 patent.

**COUNT THREE**

26. CET repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 25 above.

27. Defendants infringed, actively induced the infringement of, and contributorily infringed in this judicial district the '465 patent by processing check and cash deposits made by customers at ATMs using their envelope-free deposit service, and by processing check deposits made from mobile electronic devices using their mobile deposit service.

28. Defendants' envelope-free deposit service extracts information from checks and cash deposited at ATMs and then transmits the extracted information to an application program to process the deposits, in a manner defined by the claims of the '465 patent, without permission from CET.

29. Defendant's mobile deposit service extracts information from images of checks taken using mobile electronic devices and then transmits the extracted information to an application program to process the deposits, in a manner defined by the claims of the '465 patent, without permission from CET.

30. CET has been damaged by such activities of the defendants which infringe the '465 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

**COUNT FOUR**

31. Plaintiff repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 30 above.

32. Defendants infringed, actively induced the infringement of, and contributorily infringed in this judicial district the '416 patent by processing check and cash deposits made by customers at ATMs using their envelope-free deposit service, and by processing check deposits made from mobile electronic devices using their mobile deposit service.

33. Defendants' envelope-free deposit service extracts information from checks and cash deposited at ATMs and then transmits theextracted information to an application program to process the deposits, in a manner defined by the claims of the '416 patent, without permission from CET.

34. Defendants' mobile deposit service extracts information from images of checks taken using mobile electronic devices and then transmits the extracted information to an application program to process the deposits, in a manner defined by the claims of the '416 patent, without permission from CET.

35. CET has been damaged by such activities of the defendants which infringe the '416 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff CET prays for judgment against the defendants on all the counts and for the following relief:

A. Declaration that the CET is the owner of the Patents-in-Suit and has the right to sue and to recover for infringement thereof;

B. Declaration that the defendants have infringed, actively induced the infringement of, and contributorily infringed the Patents-in-Suit;

C. A preliminary and permanent injunction against the defendants, each of their officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of CET's '465 and '416 patents;

D. An accounting for damages under 35 U.S.C. §284 for infringement of CET's '855, '508, '465 and '416 patents by the defendants and the award of damages so ascertained to CET together with interest, as provided by law;

E. Award of CET's costs and expenses; and

F.   Such other and further relief as this Court may deem proper, just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff CET demands a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
ZIMMERMAN & WEISER LLP
Jean-Marc Zimmerman
Anatoly S. Weiser
226 St. Paul Street
Westfield, New Jersey 07090
Tel:  (908) 654-8000
Fax: (908) 654-7207
jmz@iplcounsel.com
aw@ iplcounsel.com

Attorneys for plaintiff Content Extraction and Transmission LLC

Dated:  November 8, 2012
         Westfield, New Jersey